**ORIGINAL**



ENTERED
CLERK, U.S. DISTRICT COURT

SEP 2 6 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).



FILED
CLERK, U.S. DISTRICT COURT

SEP 2 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

✓ P/SEND
✓ ENTER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Frechtman, et al. , | ) Case No.: CV 07-2888 DSF (JTLx) |
| | ) |
| Plaintiff, | ) **ORDER GRANTING PLAINTIFFS'** |
| | ) **MOTION FOR PRELIMINARY** |
| vs. | ) **INJUNCTION** |
| | ) |
| Olive Executive Townhomes | ) |
| Homeowner's Association, et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiffs William Frechtman and Housing Rights Center filed their Motion for Preliminary Injunction on August 6, 2007. A hearing was held on August 27, 2007. At oral argument, this Court advised the parties on the merits of their respective positions, ordered the parties to engage in further settlement negotiation, and continued the hearing regarding Plaintiff's Motion to September 10, 2007. The hearing was further continued to September 24, 2007, and in advance of that hearing the parties agreed to the entry of a Preliminary Injunction.

1.    This case involves a homeowners' association's rejection of a disabled homeowner's request for an accommodation made pursuant to the Federal Fair Housing Amendments Act (FHAA), and related state fair housing and civil rights laws.

2.    Plaintiff William Frechtman owns his home at 1215 N. Olive Dr., #401, West Hollywood, California ("subject property"), a property within a common interest development known as Olive Executive Townhomes. Defendant Olive Executive Townhomes Homeowners' Association (HOA) is the homeowners' association for the Townhomes.

3.    Defendants' governing documents, the Codes, Covenants and Restrictions ("CC&Rs"), prohibit homeowners from keeping dogs in any unit of the complex. Specifically, the provision states, "Effective January 9, 1979, NO DOGS of any kind shall be raised, bred or kept in any unit, or any portion of a homeowner's property or the homeowner's association property."

4.    Mr. Frechtman requested an accommodation from the no-dog rule implemented at the property by Defendants.

5.    Mr. Frechtman seeks preliminary injunctive relief. The Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3613(c)(1), provides for preliminary injunctive relief.

6.    The FHAA provides that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [that person]." 42 U.S.C. §3604(f)(2)(A). Such unlawful discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). "Thus, the FHAA 'imposes an affirmative duty upon [housing providers] to reasonably accommodate the needs of handicapped persons."

ORDER RE: INJUNCTION - 2

1  *Giebeler v. M & B Associates,* 343 F.3d 1143, 1146-1 147 (9th Cir. 2003)

2  (citations omitted).

3    7.    An *unreasonable* accommodation is one that would require a

4  fundamental alteration in the nature of the housing provider's business or impose

5  on the landlord undue financial or administrative burdens. *Id.* at 1157.

6    8.    To make a claim of discrimination based on a housing provider's

7  failure to reasonably accommodate, a plaintiff must demonstrate that (1) he suffers

8  from a disability as defined by the FHAA; (2) the housing provider knew or

9  reasonably should have known of the plaintiff's disability; (3) accommodation of

10  the disability "may be necessary" to afford him an equal opportunity to use and

11  enjoy the dwelling; and (4) the housing provider refused to make such

12  accommodation.  *Id.* at 1147. "To prove that an accommodation is necessary,

13  'plaintiffs must show that, but for the accommodation, they likely will be denied an

14  equal opportunity to enjoy the housing of their choice.' [Citation omitted.]" *Id.* at

15  1155.

16    9.    As a compromise to effectuate this Order only, the parties stipulate

17  that Mr. Frechtman is likely to show a probability that the crux of his FHAA and

18  FEHA claims, that he was denied a reasonable accommodation, will succeed on

19  the merits.[1]

20    10.    As a compromise to effectuate this Order only, the parties stipulate

21  that Mr. Frechtman is likely to make a *prima facie* claim of denial of a reasonable

-------------------

23  [1] The California Fair Employment and Housing Act (FEHA) provides the same rights and

24  remedies as the federal FHAA, as well as creating additional state protections. CAL. GOV. CODE
    § 12955.6 ("Nothing in this part shall be construed to afford to the classes protected under this

25  part, fewer rights or remedies than the federal Fair Housing Amendments Act of 1988 (P.L. 100-
    430) and its implementing regulations (24 C.F.R. 100.1 et seq.)... This part may be construed to

26  afford greater rights and remedies to an aggrieved person than those afforded by federal law and
    other state laws"); *see also Broadmoor San Clemente Homeowners' Assn. v. Nelson,* 25 Cal.

27  App. 4th 1, 5-7 (1994) ("it clearly was the intent of the Legislature, in adopting the 1993
    amendments [to FEHA], to conform California law on the subject of fair housing to the Federal

28  Fair Housing Act.").

1   accommodation. First, Mr. Frechtman has shown by his and his treating

2   physician's declarations that he is a person with a disability. The FHAA defines

3   "handicap" as "a physical or mental impairment which substantially limits one or

4   more of such person's major life activities." 42 U.S.C. § 3602(h)(l). [2] Mr.

5   Frechtman is diagnosed with diabetes and related depression, which he alleges

6   significantly impact his ability to work and engage in physical activities, including

7   walking, and caring for himself.

8       11.   Second, the declaration of Mr. Frechtman's treating physician

9   provides documentation to verify his disabilities. This documentation was also

10  provided to Defendants pre-litigation, and such documentation from medical

11  professionals may be sufficient to corroborate the existence of a person's

12  disabilities.

13      12.   Third, Mr. Frechtman has shown that accommodation of his

14  disabilities by an emotional support animal "may be necessary" to afford him an

15  equal opportunity to use and enjoy the dwelling.[3] Plaintiffs provide declarations

16  from Mr. Frechtman and his treating physician to explain why he needed an

17  emotional support animal. His physician stated that caring for an emotional support

18  dog would greatly improve Mr. Frechtman's mental and physical health by

19  providing companionship, motivating him to exercise, and enhancing his diabetic

20  control.[4]

21

22

---

23  [2] The statute defines the term "handicap." The Court uses the term "disability" interchangeably
    with "handicap." *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998) (noting definition of

24  "disability" in the Americans with Disabilities Act is drawn from the definition of "handicap" in

25  the Fair Housing Amendments Act).
    [3] Animals that are used to treat mental and emotional disabilities such as depression have

26  various designations: service, companion, emotional support, assistive, or therapy. The term
    "emotional support animal" is used here.

27  [4] As to whether another type of animal could provide emotional support (e.g., a cat), it appears
    that a showing can be made that Mr. Frechtman requires an emotional support dog based on his

28  medical conditions and other circumstances.

13.   Mr. Frechtman has provided sufficient evidence that an emotional support animal "may be necessary" to afford him an equal opportunity to use and enjoy the dwelling.

14.   Federal and state courts have found accommodations by an exception to no-pet rules as accommodations within the purview of the FHAA. *See, e.g., Bronk v. Ineichen*, 54 F. 3d 425, 429 (7th Cir. 1995) (individuals with disabilities are entitled to reasonable accommodations for animals that ameliorate the effects of their disabilities.); *Majors v. Hous. Auth. of County of De Kalb*, 652 F.2d 454 (5th Cir. 1981); *see also* 24 C.F.R. 100.204 (citing, as an example of reasonable accommodation, that landlord is required to make an exception to a "no pets" policy for a seeing eye dog).

15.   As a compromise to effectuate this Order only, it is agreed that there appears to be a likelihood of success on the merits for Mr. Frechtman's claim of disability discrimination pursuant to the FHAA due to the denial of his reasonable accommodation request.

16.   The parties stipulate to this Order to avoid further litigation on the issue of reasonable accommodation.  Neither party shall construe this Order to determine ultimate liability on the part of any Defendant.

IT IS HEREBY ORDERED THAT, pursuant to this Court's power to issue injunctive relief pursuant to 42 U.S.C. § 3613(c)(1), and without Plaintiff posting a bond:

    a)    Defendants must immediately accommodate Plaintiff William Frechtman by waiving the no-dog policy with respect to him so that he can obtain and move into his unit an emotional support dog, which is necessary for his health;

    b)    Defendants must not take any action adverse to Mr. Frechtman on the basis of his moving an emotional support dog into his unit;

1       c)       Should Mr. Frechtman no longer reside at Olive Executive

2                Townhomes, his waiver of the no-dog rule will cease.

3 IT IS FURTHER ORDERED THAT, as a condition of the granting of the

4 injunction, Mr. Frechtman must not violate any existing rules and regulations

5 imposed on residents of Olive Executive Townhomes, except that he will be

6 permitted to keep a dog in his unit.  When Mr. Frechtman's dog is outside his unit

7 and in the common area, it shall be kept on a leash and under his supervision at all

8 times, and shall not feed in the common area.  Mr. Frechtman will accompany the

9 dog at all times while in the common area.  Mr. Frechtman will clean up after the

10 dog.  Mr. Frechtman will maintain financial responsibility for any damage to the

11 common area caused by the dog.  Mr. Frechtman will not take the dog in the

12 swimming pool or upper or lower pool area.  As the Olive Executive Townhomes

13 does not have a dog run, Mr. Frechtman will walk his dog off premises.  Mr.

14 Frechtman's dog shall not disturb the rights, comforts, and conveniences of other

15 residents in the community.

16 IT IS FURTHER ORDERED THAT, the parties shall attempt to resolve in good

17 faith any disputes that arise under the terms of this Order.  In that regard, the

18 parties agree to utilize a notice-to-cure procedure before applying to the Court for

19 enforcement of any term of this Order.  The parties agree to the following for a

20 Notice-To-Cure with respect to any dispute that may arise:

21       1.       The party claiming a violation of any term of this Order will

22               give written notice of the nature and extent of the alleged violation as

23               follows: (a) written notice to the Housing Rights Center shall be given to

24               Liam J. Garland, Housing Rights Center, 520 South Virgil Avenue, Suite

25               400, Los Angeles, CA  90020; and (b) written notice to Defendants shall be

26               given to Mark N. Strom, Law Offices of Mark N. Strom, 8383 Wilshire Blvd

27               #1010, Beverly Hills, CA 90211.

28

1          2.    The party receiving notice will have five (5) days to respond in

2    writing to the Notice of the alleged violation, or cure such violation.  If the

3    person receiving the Notice does not respond or cure within 5 days, or if the

4    parties cannot resolve the dispute concerning the alleged violation within 5

5    days thereafter, the party claiming a violation may bring a regularly-noticed

6    motion to this Court regarding enforcement of this Order.

7

8    IT IS SO ORDERED.

9    Dated:  9/24/07

10

11   _____

12           HON. DALE S. FISCHER

          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE: INJUNCTION - 7