UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-2888 DSF (JTLx) | Date | 6/25/08 |
| Title | Frechtman, et al. v. Olive Executive Townhomes Homeowners Association | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers)  Order GRANTING in Part and DENYING in Part Plaintiffs' Motion for Summary Adjudication on Plaintiffs' Fourth Claim and Defendant's Sixteenth Affirmative Defense under California's Davis-Stirling Act (Docket No. 44)

Before the Court is Plaintiffs' Motion for Summary Adjudication on Plaintiffs' Fourth Claim and Defendant's Sixteenth Affirmative Defense Under California's Davis-Stirling Act.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for June 30, 2008 is removed from the Court's calendar.

For the reasons discussed below, the Court GRANTS in part and DENIES in part Plaintiffs' Motion.

## I.  FACTS

Plaintiff William Frechtman owns a unit within a condominium development known as Olive Executive Townhomes ("Townhomes").  (Pls.' Statement of Uncontroverted Facts and Conclusions of Law ("UF") Nos. 1, 3.)  Ownership in the Townhomes is subject to the conditions, covenants and restrictions ("CC&Rs") ratified in or about 1974.  (UF No. 4-5.)

Defendant Olive Executive Townhomes Homeowners Association ("HOA") administers rules at the Townhomes.  (UF No. 2.)  Defendant amended its CC&Rs in 1979 to add Article IX(k), precluding separate interest owners from "rais[ing], bre[eding] or ke[eping dogs] in any unit."  (UF No. 7.)  Defendant further amended its CC&Rs on December 15, 2006, removing Article IX(e) prohibiting children under the age of thirteen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

from living in the Townhomes.  (UF No. 8.)  Defendant amended the CC&Rs in 2006 to comply with California's Fair Employment and Housing Act, Government Code Section 12955(a), which prohibits discrimination on the basis of familial status.  (UF No. 9.)

Frechtman requested that the HOA give him an accommodation from the no-dog rule because his physician indicated that owning a dog would help treat the symptoms of his diabetes, depression, and other illnesses.  (Pls.' Mem. of P. & A. in Supp. of Mot. for Summ. Adjudication 1.)  After Frechtman's requests were repeatedly denied, he contacted Plaintiff Southern California Housing Rights Center ("HRC"), a non-profit corporation with the mission of identifying and counteracting obstacles to fair housing practices in Los Angeles and Ventura Counties.  (Compl. ¶¶ 7, 34.)  But despite the HRC's additional request that the HOA accommodate Frechtman (id. ¶ 35), the HOA continued to deny Frechtman's request to keep a dog until September 26, 2007 (UF No. 10), when the parties agreed to the entry of an Order Granting Plaintiffs' Motion for Preliminary Injunction.

## II.  LEGAL STANDARD

Courts may grant summary judgment in a party's favor as to all or any part of a party's claims.  Fed. R. Civ. P. 56(a)-(b).  The standard and procedures for a motion for partial summary judgment are the same as for summary judgment of a claim.  See Delta Sav. Bank v. United States, 265 F.3d 1017, 1021 (9th Cir. 2001).

Summary judgment shall be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); but it need not disprove the opposing party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies its burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(e).  If the moving party's showing is insufficient, no defense is required.  Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 344 (9th Cir. 1978).  A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment.  See Celotex Corp., 477 U.S. at 322.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

## III.  DISCUSSION

### A.    Plaintiffs Are Not Entitled to Summary Judgment on Their Fourth Claim

Plaintiffs claim that the HOA has violated the Davis-Stirling Act, California Civil Code Section 1360.5, by prohibiting the keeping of dogs at the Townhomes.  As the moving party, Plaintiffs have the burden of demonstrating the absence of a genuine issue of fact for trial and an entitlement to judgment as a matter of law.  Anderson, 477 U.S. at 256.  Plaintiffs have not met this burden.

Assuming, contrary to Defendant's arguments, that the Davis-Stirling Act is valid and applies to Defendant, Plaintiffs must demonstrate that there is no dispute of fact with regard to whether Defendant's policy is reasonable.  According to Section 1360.5(a),[1] "[n]o governing documents shall prohibit the owner of a separate interest within a common interest development from keeping at least one pet . . . subject to reasonable rules and regulations of the association."[2]  (Emphasis added).  The California Supreme Court has held that, "[b]y enacting section 1360.5, the Legislature did not declare that prohibiting pets is unreasonable, but merely demonstrated a legislative preference for allowing homeowners in common interest developments to keep at least one pet. . . . Therefore, nothing in section 1360.5 undermines *Nahrstedt*'s holding that a no-pet restriction may be reasonable given the characteristics of common interest developments such as condominium projects."[3]  Villa de Las Palmas Homeowners Assoc. v. Terifaj, 33 Cal. 4th 73, 93 (2004).

Here, Defendant's "no dog" policy is more lax than those in Nahrstedt and Terifaj, and cannot be said to be unreasonable as a matter of law.  Plaintiffs also produce no evidence that the prohibition on dogs is unreasonable.  Terifaj undermines Plaintiffs' argument that any ban on pets is unreasonable simply because it contravenes the state

---

[1]  All references to statutory text refer to the California Civil Code.

[2] Sections 1360.5(f) and (l)(2) indicate that in the context of a condominium project, a separate interest is an individual condominium unit.  Sections 1360.5(c)(2) and (f) indicate that a condominium project, which is a development consisting of condominiums, is a common interest development.

[3] The Court is bound to apply the California Supreme Court's interpretation of California law.  Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

policy in favor of pets embodied in Section 1360.5.  Plaintiffs also note that Defendant
has not produced evidence of the reasonableness of its policy or demonstrated that a
policy solely banning dogs is not arbitrary.  However, the burden to prove
unreasonableness lies with Plaintiffs.  Nahrstedt v. Lakeside Village Condominium
Assoc., Inc., 8 Cal. 4th 361, 380 (1994) (holding that the "unless unreasonable" language
in California Civil Code Section 1354(a) "cloak[s] use restrictions contained in a
condominium development's recorded declaration with a presumption of reasonableness
by shifting the burden of proving otherwise to the party challenging the use restriction.")
In the absence of evidence demonstrating unreasonableness, Plaintiffs have failed to carry
their burden.

Because Plaintiffs fail to carry their initial burden of production, Plaintiffs' motion
for summary judgment on their fourth claim is DENIED.

### 2.  Plaintiffs Are Entitled to Summary Judgment on Defendant's Sixteenth Affirmative Defense

Plaintiffs seek summary judgment on Defendant's Sixteenth Affirmative Defense,
which claims that the 2006 CC&R amendment took place by operation of law and thus
did not trigger the Davis-Stirling Act under Section 1360.5(e).  Plaintiffs contend that
they are entitled to judgment as a matter of law on Defendant's counterclaim, because the
statutory language is clear and unambiguous on its face and permits of no exception for
amendments made mandatory by law.

When interpreting a statute, the California Supreme Court seeks to "'ascertain and
effectuate legislative intent.'  To discover that intent [it] . . . look[s] to the words of the
statute, giving them their usual and ordinary meaning." Trope v. Katz, 11 Cal. 4th 274,
280 (1995) (citations omitted).  Section 1360.5(a) states that "[n]o governing documents
shall prohibit the owner of a separate interest within a common interest development
from keeping at least one pet within the common interest development, subject to
reasonable rules and regulations of the association."  Section 1360.5(e) provides that
Section 1360.5 "shall only apply to governing documents entered into, amended, or
otherwise modified on or after that date."

The plain meaning of these provisions is that no governing documents amended
after January 1, 2001 can prohibit separate interest owners from keeping at least one pet,
subject to reasonable rules and regulations.  There is no indication in the statute that
amendments adopted in response to legislative dictates are treated any differently from
other amendments.  Defendant cites no authority, and in fact makes no argument, in
support of its claim that amendments made to comply with the law do not trigger the
prohibition in Section 1360.5.

Defendant has failed to carry its burden of demonstrating a genuine issue for trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

regarding its affirmative defense.  Accordingly, the Court GRANTS Plaintiffs' request
for summary judgment as to Defendant's Sixteenth Affirmative Defense.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is
GRANTED in part and DENIED in part.  The Court GRANTS Plaintiffs' request to
dismiss the Defendant's Sixteenth Affirmative Defense.  Plaintiffs' Motion is otherwise
DENIED.

IT IS SO ORDERED.