UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2888 DSF (JTLx) | | Date | 9/3/08 |
|---|---|---|---|---|
| Title | William Frechtman, et al. v. Olive Executive Townhomes Homeowners Association | | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING in Part and DENYING in Part Plaintiffs' Motion for Attorneys' Fees

On July 17, 2008, the parties entered into a consent decree disposing of all issues in this matter except an award of attorneys' fees and costs.[1]  Now before the Court is Plaintiffs' Motion for Attorneys' Fees.  Plaintiffs seek $57,114.00 in fees and $2,236.85 in costs incurred during the course of this litigation, as well as $4,500 in fees incurred in litigating this motion.  Having considered the submissions of the parties and having heard the oral argument of counsel, the Court GRANTS the Motion in part and DENIES it in part.

Plaintiffs seek attorneys' fees under the Fair Housing Act, 42 U.S.C. § 3613(c)(2), which provides: "In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs."  The Court entered a consent decree awarding Plaintiffs $10,000 and certain injunctive relief on July 17, 2008.  The entry of such a consent decree is sufficient to make Plaintiffs prevailing parties under 42 U.S.C. § 3613(c)(2). See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res., 532 U.S. 598, 604 (2001) ("[S]ettlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees.")

Defendant concedes that Plaintiffs are prevailing parties (see Consent Decree 4:17-

---

[1]  The parties' proposed consent decree also carved out Plaintiffs' motion for summary adjudication, which the Court granted in part and denied in part on June 25, 2008.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

18), but contests the amount of fees sought.  It contends that (1) some or all of the fees expended in the litigation were unnecessary, as Defendant remained willing at all times both before and during litigation to settle the dispute, (2) Plaintiffs' motion for summary adjudication was unnecessary, and (3) the number of hours for which Plaintiffs seek compensation is excessive.

### A.  Defendant's Willingness To Settle

The evidence does not support Defendant's claim that litigation was unnecessary for Plaintiffs to achieve the recovery they sought.  Prior to bringing suit, Defendant had repeatedly refused to accommodate Plaintiff Frechtman by allowing him to have a companion dog.  (See Decl. of Mark N. Strom in Supp. of Def.'s Opp'n to Pls.' Mot. for Att'y's Fees ("Strom Decl.") Exs. B, C.)[2]  When Frechtman initially requested that Defendant accommodate his disability by allowing him to have a dog, Defendant requested written documentation of the condition requiring a dog.  (See id. Ex. B.)  However, when Frechtman provided letters from doctors recommending that he have a dog, Defendant found the letters unsatisfactory (Opp'n 4), informed Frechtman that he would need to undergo an independent medical examination (id.), insisted that Frechtman did not live alone (see Strom Decl. Ex. C), and pressed its position that its no-dog rule sufficiently allowed for reasonable accommodation of disabled persons.  (See id. Ex. C.)

After Plaintiffs filed their Complaint on May 2, 2007, Defendant offered to allow Frechtman to keep a dog, but under conditions – such as restricting the dog to less than 10 pounds and retaining the right unilaterally to remove the dog if it became a nuisance – that were reasonably unacceptable to Plaintiffs.  (See id. Exs. D at 1, E at 1.)  It was not unreasonable for Plaintiffs to continue to pursue legal remedies after this offer.

Nevertheless, the motion for preliminary injunction was arguably unnecessary.  On August 3, 2007, prior to Plaintiffs' filing for the preliminary injunction, Defendant offered a settlement on terms very similar to those contained in the stipulated preliminary injunction.  (See id. Ex. D at 5.)  The only limitation included in the offer that did not appear in the stipulated preliminary injunction was the requirement that Frechtman's dog be less than 25 pounds.  Plaintiffs do not explain in their reply why this limitation was unacceptable.  As Plaintiffs note, Defendant's monetary offer of $500 was a fraction of the $10,000 Plaintiffs ultimately recovered.  Thus, it may have been reasonable to refuse

---

[2]  The Court is not persuaded that local rules or the order of Magistrate Judge Lum prohibiting the admission of statements made at a settlement conference held after the correspondence referred to by Defendant prohibit Defendant from relying on the exhibits to the Strom Declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

to settle the entire action on the terms Defendant suggested.  The Court is troubled, however, by Plaintiffs' apparent refusal, in the face of Defendant's willingness to allow Frechtman to obtain a dog on terms Plaintiffs ultimately found acceptable, to engage in discussions that might have obviated the need for preliminary injunctive relief.  (See id. Ex. E at 5.)  Indeed, the Court was initially concerned that this matter might not be handled efficiently and ordered that the senior attorney, with whom the Court was familiar, become involved.  Stubborn refusals to reach reasonable settlements are a disservice to the parties, the courts, and the public.  This is especially true where the facts and law are clear or a party is perceived as prolonging litigation to earn greater fees.  Based on this record, however, the Court cannot conclude that such was the case or that the fees incurred in pursuing a preliminary injunction were not reasonably expended.

The Court concludes, however, that the fees charged in connection with the preliminary injunction are excessive.  While Plaintiffs correctly point out that the Court stated that there was "nothing in the defense papers to suggest that a preliminary injunction should not be granted," they fail to remind the Court that it had also told Plaintiffs that they had not made an adequate showing of entitlement to relief, though it likely would not have been difficult to do so.  Based on the quality and nature of the work performed in connection with the motion (which ultimately resulted in a stipulated injunction), the Court concludes that a reduction of $3,000 is appropriate.[3]

### B.  The Summary Adjudication Motion

Defendant contends that Plaintiffs should not recover fees related to their motion for summary adjudication because the Davis-Stirling Act, the subject of the motion, does not provide for attorneys' fees, and because pursuing the motion was unreasonable - as evidenced by the fact that Plaintiffs did not entirely prevail on the motion.  Although the Davis-Stirling Act provides for attorneys' fees in "an action to enforce the governing documents" of a common interest development, Cal. Civ. Code § 1354(c), it is not clear that this provision would apply to Plaintiffs' claim, which was based on Defendant's including a prohibition on dogs in its governing documents.

The Court need not decide the issue, however, as attorneys' fees are allowed for claims related to successful claims for which fees are authorized.  See Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir. 1995) (affirming award of fees for state tort claims related to Title VII action).  "The test for relatedness of claims is not precise.  However, related claims will involve a common core of facts or will be based on related

---

[3]  The Court notes that Defendant's estimates of the time spent on various motions are lower than the Court's calculations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

legal theories, while unrelated claims will be distinctly different, and based on different facts and legal theories."  Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986) (quotations and citations omitted).  Plaintiffs' Davis-Stirling Act claim arose from the same core conduct as their claim under the Fair Housing Act - Defendant's refusal to allow Frechtman to keep a dog.  It is arguably sufficiently related to the Fair Housing Act claim to justify an award of fees.

As was described in the Court's order denying summary adjudication on Plaintiffs' Davis-Stirling Act claim, clear California Supreme Court authority undermined Plaintiffs' claim that any ban on pets is unreasonable simply because it contravenes the state policy in favor of pets embodied in California Civil Code Section 1360.5.  (See June 25, 2008 Order GRANTING in Part and DEN. in Part Pls.' Mot. for Summ. Adjudication on Pls.' Fourth Claim and Def.'s Sixteenth Affirmative Defense under Cal.'s Davis-Stirling Act 3-4.)  Indeed, Plaintiffs cited this authority in their opening brief.  (See Pls.' Mot. for Summ. Adjudication on Pls.' Fourth Claim and Def.'s Sixteenth Affirmative Defense Under Cal.'s Davis-Stirling Act 7.)  This obstacle should have been clear to Plaintiffs prior to filing their motion.  Work on this part of the motion was wasted effort.

Plaintiffs did succeed in winning summary adjudication on Defendant's sixteenth affirmative defense through the motion, but the bulk of the motion was related to seeking summary adjudication on Plaintiffs' fourth cause of action.  The Court reduces Plaintiffs' fees related to the summary adjudication motion by 80% to reflect the reasonable amount of time spent on the motion.  Thus, the Court deducts from the total fee the amount of $8,288.[4]

### C.  Reasonableness of Fees and Costs

#### 1.  Reasonableness of Rate

Defendant does not contest the reasonableness of Plaintiffs' rates, which are supported by declarations regarding prevailing rates in the community and are reasonable, given the experience and skills of the attorneys involved.

---

[4]  The billings relating to the summary judgment motion are somewhat troublesome. For example, Garland and Vyas have entries relating to reviewing and revising the motion on March 19.  (It appears that the time was recorded but no fees were charged.)  But Yoo's entry "Started drafting the Motion for Summary Adjudication" does not appear until May 7, 2008. Similar seeming disparities appear in the billings for the preliminary injunction motion.  In addition, some entries are so vague that the Court cannot determine what they relate to.  The Court has allocated these entries in a reasonable manner based on its experience.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### 2.  Reasonableness of Hours

In addition to deducting $8,288 relating to the summary adjudication motion, and $3,000 for the motion for preliminary injunction, the Court finds that certain other fees were unreasonable.  The charge of 4.7 hours for updating the file in anticipation of counsel's vacation in the amount of $1,410 is deducted.[5]  The Court finds that the number of hours expended in connection with the settlement conference on this relatively simple case was excessive - and deducts three hours or $900 of Vyas' time.  The Court also finds the nearly eight hours (for a total fee of $2,340) relating to "jury research" to be inappropriate for a matter of this type, in which injunctive relief is the main goal. (Counsel stated at oral argument that Plaintiff submitted a fact pattern to an entity called Ejury to find out how a jury might respond to Mr. Frechtman's complaints.)  Counsel admits that the settlement amount of $10,000 was significantly more than plaintiffs in these types of cases generally receive.  Spending more than $3,000 in fees and costs to evaluate a case in which the monetary recovery is likely to be minimal is not justified.  And counsel purports to specialize and have expertise in this area of the law.  Jury research was unnecessary and inappropriate.

In addition, 20 hours is excessive for the fee application.  These counsel regularly seek fees and the content of this very basic motion has been and will be duplicated on numerous occasions.  Having reviewed the motion, the Court concludes that $2,250 is more than a sufficient fee.[6]  Therefore the Court deducts $2,250 from the amount requested.

Having reviewed the file, the Court finds these deductions are appropriate even in light of the voluntary reductions taken by counsel before submitting this motion.  Counsel spent an extraordinary amount of time in telephone conversations with their client (often more than one a day) without specifying the nature or topic of the communication.  Counsel (Garland and Vyas) also engaged in numerous tasks that more appropriately would have been done by Yoo - or even paralegal or secretarial staff.  These charges are appropriately addressed by the voluntary reductions.

---

[5]  HRC's billings list the hours billed, but do not calculate the total fee for each entry, requiring the Court to perform the onerous task of calculating the fee claimed for each particular task and each of the entries the Court determines should be deducted.  The Court urges counsel seeking fees to prepare billings in such a manner as to provide the Court with this information.

[6]  The Court had concluded that the matter could be determined without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Counsel requested that the matter be continued to allow Garland to be present if the Court had any questions concerning settlement issues.  The Court continued the hearing to afford counsel an opportunity to argue, but Garland failed to appear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### 3.  Costs

The Court deducts from the costs to be awarded amounts attributable to jury research, transcripts and unnecessary charges for certain filings (such as a dismissal of another defendant) - for a total deduction of $1,099.48.

### CONCLUSION

For the reasons stated above, the Court awards fees in the amount of $43,426 and costs in the amount of $1,137.37.

IT IS SO ORDERED.